IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SELWYN NIEVES** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 06-3049 |
| | : | |
| **GREYHOUND LINES, INC.**, <u>et al.</u> | : | |

<u>MEMORANDUM AND ORDER</u>

**Kauffman, J.**                                                                                                         **January 16, 2009**

      Now before the Court is the Motion for Summary Judgment (the "Motion") of Defendant Servicemaster, TBS Division ("Servicemaster"). For the reasons discussed below, the Motion will be granted.

**I. BACKGROUND**

      This action arises from a workplace injury sustained by Plaintiff Selwyn M. Nieves ("Plaintiff") on July 4, 2004. As alleged in the Complaint, Defendant/Third-Party Plaintiff Mount Corporation ("Mount") was, at all times relevant to this action, the owner of a maintenance facility (the "Greyhound Maintenance Center") located at 710 N. Delaware Avenue in Philadelphia. Compl. ¶ 3. Pursuant to a written service agreement (the "Agreement") with Defendant/Third-Party Plaintiff Greyhound Lines, Inc. ("Greyhound"), Servicemaster was responsible for maintaining the premises of the Greyhound Maintenance Center. <u>Id.</u> ¶ 4.[1]

---

[1] It is undisputed that ARAMARK, Inc. ("ARAMARK") acquired Servicemaster and assumed its contractual obligations with Greyhound. However, Plaintiff contends that ARAMARK did not assume Servicemaster's contractual obligations until after the accident at issue in this case.

Plaintiff alleges that on July 4, 2004, "there existed a dangerous condition on certain concrete steps situated in the Greyhound Maintenance Center, to wit, a slippery substance which was allowed and permitted . . . to be on the steps with no warnings, barricades or similar precautions."  Id. ¶ 5.[2]  At approximately 11:00 p.m., "while lawfully descending said concrete steps," Plaintiff fell as a result of the dangerous condition.  Id. ¶ 6.  Due to this fall, he suffered various injuries requiring ongoing medical care and became "unable to attend to his usual occupation at loss of income for which damages are demanded."  Id. ¶¶ 16-18.

On June 26, 2006, Plaintiff filed suit in the Philadelphia Court of Common Pleas against Greyhound, Mount and Servicemaster, and on July 12, 2006, Greyhound removed the action to this Court.  On March 27, 2007, Greyhound and Mount filed an Answer as well as a Third-Party Complaint against ARAMARK and Servicemaster.  On January 8, 2008, ARAMARK filed a Motion for Summary Judgment against Greyhound and Mount, and on January 31, 2008, Greyhound and Mount filed a Motion for Summary Judgment against Plaintiff.  The Court granted ARAMARK's Motion for Summary Judgment and denied the Motion for Summary Judgment filed by Greyhound and Mount.  Nieves v. Greyhound Lines, Inc., 2008 U.S. Dist. LEXIS 65623 (E.D. Pa. Aug. 26, 2008).  Thereafter, Servicemaster filed the instant Motion.

**II.  LEGAL STANDARD**

In deciding a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, the test is "whether there is a genuine issue of material fact and, if not, whether the moving

---

[2]  Although Plaintiff's Complaint does not identify his employer or state that he was injured at his workplace, he now claims that he was employed by Servicemaster and was injured during the course of his employment at the Greyhound Maintenance Center.  See Pl.'s Resp. 1.

party is entitled to judgment as a matter of law." Med. Protective Co. v. Watkins, 198 F.3d 100, 103 (3d Cir. 1999) (quoting Armbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994)). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court must examine the evidence in the light most favorable to the non-moving party and resolve all reasonable inferences in that party's favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, "there can be 'no genuine issue as to any material fact' . . . [where the non-moving party's] complete failure of proof concerning an essential element of [its] case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The party moving for summary judgment bears the initial burden of showing the basis for its motion. See Shields v. Zuccarini, 254 F.3d 476, 481 (3d Cir. 2001). If the movant meets that burden, the onus then "shifts to the non-moving party to set forth specific facts showing the existence of [a genuine issue of material fact] for trial." Id.

**III. ANALYSIS**

Servicemaster argues that it is entitled to summary judgment against Plaintiff, Greyhound, and Mount because at the time of the accident, ARAMARK had assumed its contractual obligations and was therefore responsible for maintenance of the Greyhound Maintenance Center. See Service Agreement, attached to Mot. at Ex. B. Accordingly, Servicemaster argues, it cannot be liable to any party for injuries Plaintiff sustained at the facility

because it no longer had any connection to the premises.

### A. Plaintiff

Plaintiff contends that ARAMARK did not assume Servicemaster's obligations until after the accident and therefore, summary judgment should be denied. In support of his argument, Plaintiff cites a portion of his deposition transcript in which he testified that he was employed by Servicemaster at the time of his accident. Mar. 21, 2007 Dep. of Selwyn Nieves 39, attached to Pl.'s Resp. at Ex. A.

Plaintiff's concession that "at the time of the incident [he] was still patiently [sic] employed by Servicemaster TBS Division," Pl.'s Resp. 1, is fatal to any claims he has against Servicemaster because an employee's only remedy against his employer for a workplace injury is worker's compensation. See, e.g., 77 Pa. Cons. Stat. § 481(a); Matczak v. Frankford Candy & Chocolate Co., 136 F.3d 933, 940 (3d Cir. 1997) ("Pennsylvania's workers' compensation statute provides the sole remedy 'for injuries allegedly sustained during the course of employment.'" (quoting Dugan v. Bell Tel. of Pa., 876 F. Supp. 713, 723 (W.D. Pa. 1994))). Therefore, even if Servicemaster had not relinquished its duties at the facility and in fact employed Plaintiff at the time of the accident, his negligence claims against Servicemaster for compensatory damages would fail as a matter of law.

Although Plaintiff now disputes Servicemaster's claim that ARAMARK was his employer at the time of the accident, this dispute is immaterial because his Complaint fails under either scenario. If, as Servicemaster contends, ARAMARK was Plaintiff's employer at the time of the accident, Servicemaster would not be liable to him because it had no responsibility with respect to the Greyhound Maintenance Center. If, as Plaintiff now contends, Servicemaster was

his employer at the time of the accident, his claims against Servicemaster are barred by the Pennsylvania Worker's Compensation Act ("WCA").[3] In short, Plaintiff is attempting to sue either his employer or a party not responsible for the premises at the time of the accident. Neither claim is cognizable, and summary judgment is therefore appropriate with respect to Plaintiff's claims against Servicemaster.

### B. Greyhound and Mount

Neither Greyhound nor Mount has filed any opposition to the instant Motion. Greyhound and Mount asserted in their response to ARAMARK's Motion for Summary Judgment granted on August 26, 2008 that ARAMARK, not Servicemaster, was responsible for the Greyhound Maintenance Center at the time of the accident. But even if Servicemaster were responsible, their claims against Servicemaster would be barred by the employer immunity provision in the WCA. See 77 Pa. Cons. Stat. § 481(b); Clark v. Williamette Indus., 918 F. Supp. 139, 141 (W.D. Pa. 1996) (citing Heckendorn v. Consol. Rail Corp., 465 A.2d 609, 610 (Pa. 1983)).[4] Accordingly, summary judgment is appropriate with respect to Greyhound and Mount's claims against Servicemaster.

---

[3] Plaintiff's pending claims against Greyhound and Mount remain unaffected by this Memorandum and Order.

[4] As explained in the Court's August 26, 2008 Memorandum and Order, in order to protect an employer from double liability for a single accident, the WCA prevents third parties from filing suit against an injured party's employer. Accordingly, if Servicemaster was Plaintiff's employer at the time of the accident, Greyhound and Mount's claims against Servicemaster would be barred by the WCA.

**IV.  CONCLUSION**

Because there is no genuine issue of material fact for trial, the Court will grant the Motion.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SELWYN NIEVES** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 06-3049 |
| | : | |
| **GREYHOUND LINES, INC., et al.** | : | |

## ORDER

**AND NOW**, this 16th day of January, 2009, upon consideration of Servicemaster, TBS Division's Motion for Summary Judgment (docket no. 37) and Plaintiff's Response thereto (docket no. 38), and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion is **GRANTED**. Accordingly, Servicemaster, TBS Division is **DISMISSED** from this action.

BY THE COURT:


 /s/ Bruce W. Kauffman
BRUCE W. KAUFFMAN, J.
